UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20498-KMM

WANDA THOMAS,

    Plaintiff,

v.

RAY/ROY DIAZ CHRISTIANA *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, for ruling on all pre-trial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters (ECF No. 8). Having considered the record, the applicable law, and finding no basis for the Court to exercise subject matter jurisdiction over this dispute, the undersigned recommends that the case be **DISMISSED**.

**I.   BACKGROUND**

On February 16, 2022, Plaintiff, proceeding *pro* se, filed a document titled "COMPLAINT AND/FOR PERMANET INJUNCTION" ("Complaint") seeking an injunction from this Court and alleging civil rights violations against Defendants "Ray/Roy Diaz Christina," Denziel Maynard, and Derek Griffith ("Defendants").[1]  (ECF No.1). Plaintiff attached four documents: (1) a "Civil

---

[1] The Court notes that Plaintiff is actually the defendant in the state court action she references in her attached civil cover sheet (ECF No.1-2). *See generally* Docket; *Christiana Trust v. Thomas*, Case No. 2012-028261-CA-1 (Fla. 11th Cir. Ct.). Thomas makes no reference to her status as a defendant in state court. Throughout her filings, Thomas

1

Cover Sheet," indicating the nature of suit to be related to "Other Civil Rights" and the "False Claims Act," while referencing a case styled as "2021028261CA" (ECF No. 1-2); (2) pages from two prior cases removed to this Court by Plaintiff that were remanded to state court; (3) a summons for "Ray/Roy Diaz;" and (4) a purported notice of removal ("Notice"), that states, "[t]his is a notice of Removal and Plaintiff will show that the lower court case was, filed in 03/2021." *See* ECF Nos. 1-1–4. However, Plaintiff attached no state court complaint or any state court pleadings; the Notice also omits any reference to the lower court action, such as the case number or case caption.

Plaintiff subsequently filed a Motion to Amend Complaint (ECF No. 9), Motion for Request and Seal (ECF No. 11), a Motion to Strike the pending Motion to Amend Complaint (ECF No. 16), and a motion to void a state court judgment (ECF No. 22)—all of which are pending before the Court.

## II.  DISCUSSION

Removal is proper in "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When removing a case to federal court, a defendant "shall file" a "notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446.

Plaintiff's Notice explains that she "seeks proper justice, without Defendant of forging Judges signatures. And court over looking cause of Defendant behavior and actions." (ECF No. 1-4).  Even construing this Notice liberally, it is fatally insufficient to trigger this Court's jurisdiction as Plaintiff failed to file any state court pleadings *together* with the Notice of Removal, as required by statute. *See* 28 U.S.C. § 1446. Due to this procedural deficiency alone, the

---

refers to herself as the Plaintiff (rather than the defendant), and she purports to assert claims against the various state court plaintiffs—whom she labels the "Defendant[s]."

undersigned would recommend dismissal of Plaintiff's case.

It does not appear, however, that the failure to attach the state court complaint is a curable defect; Plaintiff's filings present herself as *plaintiff* seeking some form of relief in this case. It is unclear whether Plaintiff intends to bring claims arising from something that occurred in the state court action, or if her intention was to seek review of the state court action. It appears that Plaintiff intends to initiate a new suit, as there is no pending state court action that Plaintiff (as defendant in the state court action) has identified for removal to this Court. Having reviewed the Complaint and Amended Complaint, however, I find no basis for this Court to exercise jurisdiction over Plaintiff's suit.

Beginning with diversity jurisdiction, the facts alleged demonstrate that the parties are not diverse. In order to satisfy the requirements for diversity jurisdiction, the party invoking federal court jurisdiction must show that (1) the amount in controversy exceeds $75,000, and (2) the parties are completely diverse. 28 U.S.C. § 1332(a). *Thomas v. Trust*, No. 21-cv-24135-RKA (S.D. Fla. Feb. 14, 2022) (internal quotation marks and citation omitted). According to the summons filed against Defendant Ray/Roy Diaz, Plaintiff is a resident of Florida. (ECF No. 1-3). Defendant Ray/Roy Diaz is also resident of Florida. (ECF No. 1 at 3). While the remainder of Plaintiff's filings omit information necessary for the Court to determine the citizenship of Defendants Denziel Maynard and Derek Griffith, the absence of diversity between Plaintiff and one defendant is sufficient to defeat diversity jurisdiction.

The Court also lacks federal question jurisdiction. "The Supreme Court has recognized two instances when a federal court has federal question jurisdiction. The first-where the vast majority of cases fall-is where federal law creates the cause of action. . . [The] second is 'where the vindication of a right under state law necessarily turned on some construction of federal law.'"

*Thomas v. Ray/Roy Diaz Christiana et al.*, Case No. 22- cv-20068-JEM (S.D. Fla. Jan. 27, 2022) (citation omitted). Neither instance is present in this case.

This is the *fourth* time Plaintiff has improperly removed a state court action pursuant to a multitude of inapplicable statutory and constitutional provisions.[2] Similar to Thomas' most recent filings, she asserts 18 U.S.C. § 1341 and 28 U.S.C. § 1343 as the jurisdictional hooks for her claims. *See Thomas v. Trust*, No. 21-cv-24135-RKA (S.D. Fla. Feb. 14, 2022); *Thomas v. Ray/Roy Diaz Christiana et al.*, Case No. 22- cv-20068-JEM (S.D. Fla. Jan. 27, 2022).

The Complaint states that "as early as 2012 and continuing to present, Defendant has falsely presented himself as a financial institution (Bank)" and has engaged in a "fraud scheme" that has "primarily victimize[d] plaintiff." (ECF No. 1). Plaintiff further alleges that Defendant had placed Plaintiff's home on auction and that "Defendant has falsified several documents that he represents bank(s)." (*Id.*). Although Plaintiff is challenging a foreclosure action, she cites to 18 U.S.C. § 1341, which is a criminal statute, and as such, does not give rise to a private cause of action. *Truthinadvertisingenforcers.com v. My Pillow, Inc.*, No. 8:17-CV-169-T-33AAS, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017) (holding that removing a plaintiff's civil fraud claims, pursuant to 18 U.S.C. § 1341, was not appropriate) (citation omitted). On February 27, 2022—less than *one month* ago—a court in this district remanded Plaintiff's third removal to federal court, also recognizing the *same* statute as "inapplicable in this civil action." *Thomas v. Ray/Roy Diaz Christiana et al.*, Case No. 22- cv-20068-JEM (S.D. Fla. Jan. 27, 2022) (Martinez, J.).

Likewise, 28 U.S.C. § 1343 is not the appropriate jurisdictional vehicle for bringing this

---

[2] According to CM/ECF records, Plaintiff Wanda Thomas has attempted to remove a state court dispute to federal court four times in less than five months; each prior attempt was remanded. *See* Order Remanding Case to State Court, *Thomas v. Trust*, No. 21-cv-24135-RKA (S.D. Fla. Feb. 14, 2022) ECF No. 15; Order Remanding Case, *Trust v. Thomas*, Case No. 21-cv-23873-JEM (S.D. Fla. Nov. 19, 2021), ECF No. 12; Order of Dismissal of Pending Complaint and Remand, *Thomas v. Diaz et al.*, Case No. 21-cv-24116-BB (S.D. Fla. Nov. 24, 2021), ECF No. 6; Order Remanding Case, *Thomas v. Ray/Roy Diaz Christiana et al.*, Case No. 22- cv-20068-JEM (S.D. Fla. Jan. 27, 2022), ECF No. 10.

action.  Plaintiff only references an unclear racial animus towards her and uses the term "racists;" however, it is unclear what civil rights are at issue and/or have been violated.  *See* (ECF No. 1-2).  "In circumstances such as this, where the removing party alleges removal under 28 U.S.C. § 1343 based on alleged civil rights violations that are not apparent on the face of the complaint, remand is proper." *Fla. Bar v. Malloy*, No. 8:20-CV-65-T-36TGW, 2020 WL 1275447, at *2 (M.D. Fla. Mar. 17, 2020) (remanding a state court action alleging facially insufficient constitutional and statutory due process violations).  Plaintiff alleges Defendant has "acted intentionally and continue[s] to act in/with intent by . . . forging, falsifying or counterfeiting signature of judge pursuant to "Section 8-606.1," which is a Maryland Criminal Law Code inapplicable to this case.  Plaintiff alleges, under 18 U.S.C. § 505, that Defendant also forged the signature of judge(s)— attaching an "Exhibit C" in support (ECF No. 15-1).  However, Exhibit C contains three separate documents, labeled as Exhibits A, B, and C, respectively.  Exhibit A is the last page of a prior court's order remanding a prior case, *Trust*, Case No. 21-cv-23873-JEM, ECF No. 15, that was also filed by Plaintiff as an exhibit in a separate case, *Thomas*, No. 21-cv-24135-RKA, ECF No. 13-1.  Exhibit B is also the last page of a prior court's order remanding a prior case, *Thomas*, Case No. 22- cv-20068-JEM, ECF No. 10, that was also filed by Plaintiff as an exhibit in a separate case, *Thomas*, No. 21-cv-24135-RKA, ECF No. 13-1.  Exhibit C is an emergency motion that Plaintiff filed in a previous case, *Trust*, Case No. 21-cv-23873-JEM, ECF No. 15.  None of these documents provide a factual predicate for Plaintiff's allegations of forgery.  In the absence of any civil rights violation adequately plead on the face of the complaint, the undersigned discerns no basis for federal question jurisdiction.

### III.     RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this case be **DISMISSED**, and that all pending motions be **DENIED AS MOOT**.

Pursuant to Local Magistrate Rule 4(b), written objections, if any, must be filed with the Honorable K. Michael Moore, United States District Judge, within fourteen days of the date of this Recommendation. Failure to file objections by then shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of March, 2022.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:     Wanda Thomas