## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-20498-KMM

WANDA THOMAS,

      Plaintiff,

v.

RAY/ROY DIAZ CHRISTINA, *et al.*,

      Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Lauren F. Louis, United States Magistrate Judge, recommending that the instant case be dismissed for lack of subject matter jurisdiction. ("R&R") (ECF No. 24). Wanda Thomas ("Thomas") timely filed papers titled "Response to Objection in Motion to Dismissed, Request for Hearing," which the Court construes as objections to the Report and Recommendation. ("Objs.") (ECF No. 25). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

## I.    BACKGROUND

As recounted in the Report and Recommendation, on February 16, 2022, Wanda Thomas ("Thomas") filed a document titled "Complaint and/for Permane[n]t Inju[n]ction," which was entered on the docket as a Notice of Removal. (ECF No. 1). The document references "Lower# 2012028261ca," which appears to be a state court case in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Id.* at 1; *see also Christina Trust v. Wanda Thomas et al.*, No. 2012-028261-CA-01 (Fla. Cir. Ct. July 18, 2012). In that case, Thomas is named as a

defendant.  In her Complaint/Notice of Removal in this case, Thomas refers to herself as the plaintiff.  In her Complaint/Notice of Removal, Thomas requested that the Court "issue a permanent injunction, pursuant to [18 U.S.C. § 1001] ordering that Defendant is restrained from engaging, participating, or assisting in any future Scheme, falsely representing Banks, and any United States Financial institution."  (ECF No. 1) at 4.  Attached to her Complaint/Notice of Removal is a document that begins "[t]his is a notice of Removal and Plaintiff will show that the lower court case was[] filed in 03/2021."  (ECF No. 1-4) at 1.

On March 18, 2022, Thomas filed a document titled "Amended Complaint and/for Permane[n]t Inju[n]ction and Jury Demand."[1]  (ECF No. 18).  Therein, Thomas again refers to herself as the plaintiff in this case.  *See generally id.*  However, at one point, Thomas claims that "Defendant has acted in bad faith to keep Plaintiff from removing the case from the lower court."  *Id.* at 2.  Thomas asserts a claim for violation of 18 U.S.C. § 1341, and again requests that the Court "issue a permanent injunction, pursuant to [18 U.S.C. § 1001] ordering that Defendant is restrained from engaging, participating, or assisting in any future Scheme, falsely representing Banks []and judges signature(s), any United States Financial institution."  *Id.* at 5.  Nonetheless, Thomas has attached to her Amended Complaint a copy of the docket of the state court case identified in her Complaint/Notice of Removal, *see id.* at 7–18, among various other documents, including the signature pages of orders signed by other courts in this District and what appear to be various filings in other cases Thomas has filed in this District, *see generally id.*

On February 18, 2022, the Court referred this case to Magistrate Judge Louis to "take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters

---

[1] On February 24, 2022, Thomas filed a Motion to Amend Complaint, which is currently pending before the Court.  (ECF No. 9).

including discovery, and for a Report and Recommendation on any dispositive matters."  (ECF No. 8).  On March 28, 2022, upon a *sua sponte* review of the record, Magistrate Judge Louis issued a Report and Recommendation, recommending that the instant case be dismissed due to noncompliance with 28 U.S.C. § 1446 or for lack of subject matter jurisdiction.  *See generally* R&R.  Notably, the Report and Recommendation identifies that Thomas has sought to remove her state court case to this Court at least four other times in less than five months.  R&R at 4 & n.2.

Now, Thomas objects to the Report and Recommendation.  *See generally* Objs.

## II.   LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is required if a party files "a proper, specific objection" to a finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions.  *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting

*Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.    DISCUSSION

To begin, Thomas's Objections are somewhat difficult to follow and, in some respects, read much like a complaint.  In fact, at one point, Thomas appears to refer to her Objections as a complaint.  *See* Objs. at 3.  Thomas's Objections incorrectly argue that this Court can assert diversity jurisdiction over her claim(s) pursuant to 28 U.S.C. § 1332 because one of Defendants, like Thomas, is a resident of Florida.  *Id.*; *see also id.* at 6 ("The absence of diversity between Plaintiff and one [D]efendant is sufficient to defeat diversity jurisdiction.").  In any event, Thomas fails to specifically object to any particular finding in the Report and Recommendation or clearly and unambiguously identify any error in the Report and Recommendation.  In short, Thomas's Objections are not proper.  *See Macort*, 208 F. App'x at 784 ("It is critical that the objection be sufficiently specific and not a general objection to the report.").  Accordingly, this Court need only satisfy itself that there is no clear error on the face of the record.  *See Keaton*, 2015 WL 12780912, at *1 (quoting Fed. R. Civ. P. 72, advisory committee notes).

In the Report and Recommendation, Magistrate Judge Louis first observes that, to the

extent Thomas seeks to remove her state court case to this Court, Thomas failed to comply with 28 U.S.C. § 1446 because she failed to file any state court pleadings together with her purported Notice of Removal.  R&R at 2; *see also* (ECF Nos. 1, 1-4).

Second, Magistrate Judge Louis finds that, to the extent Thomas intends to initiate a new action in this Court,[2] this Court lacks subject matter jurisdiction over Thomas's claims.  R&R at 3–5.  Specifically, Magistrate Judge Louis finds that this Court lacks diversity jurisdiction over Thomas's claims, pursuant to 28 U.S.C. § 1332, because Thomas's Complaint/Notice of Removal and Amended Complaint fail to allege complete diversity, given that both Thomas and at least one of Defendants reside in Florida.  *Id.* at 3 (citing (ECF No. 1) at 3; (ECF No. 1-3)).  Magistrate Judge Louis also finds that this Court lacks federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Thomas improperly cites as bases for this Court's jurisdiction (1) federal criminal statutes—18 U.S.C. §§ 505, 1341—that do not give rise to a private cause of action, *id.* at 4–5 (citing *Truthinadvertisingenforcers.com v. My Pillow, Inc.*, No. 8:17-CV-169-T-33AAS, 2017 WL 382725, at *2 (M.D. Fla. Jan. 27, 2017)), (2) 28 U.S.C. § 1343 without making clear what civil rights are at issue and/or have been violated beyond vague references to racial animus, *id.* (citing *Fla. Bar v. Malloy*, No. 8:20-CV-65-T-36TGW, 2020 WL 1275447, at *2 (M.D. Fla. Mar. 17, 2020)), and (3) "Section 8-606.1," which is a Maryland state criminal statute inapplicable to this case,[3] *id.* at 5.

It is not clear whether Thomas intends to remove her state court case to this Court for the fifth time, or initiate a new action in this Court.  This Court agrees with the Report and

---

[2]  The Report and Recommendation notes that, if Thomas seeks to initiate a new action, it is not clear whether she seeks review of the state court action or if her claims arise in some way from the state court action.  R&R at 3.

[3]  This statute is referenced in Thomas's "Statement of Case an[d] Facts."  (ECF No. 15).

Recommendation that, in any event, Thomas failed to properly remove her state court case to this Court.  To the extent Thomas intended to initiate a new action in this Court, this Court agrees that it lacks subject matter jurisdiction over her claims.[4]  The Court is satisfied that there is no clear error on the face of the record.

Further, the inherent authority of a district court includes the power to protect itself against abuses by *pro se* litigants.  *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986); *see also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002) (recognizing the same under The All Writs Act, 28 U.S.C. § 1651).  Indeed, "[t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others."  *Id.*  In the exercise of this responsibility, a district court possesses "considerable discretion" to issue appropriately tailored injunctive orders curtailing the activities of recalcitrant litigants when necessary.  *See id.* at 1075.  "The only limitation on [a] district court's discretion to enjoin abusive litigation is that [a] court is not permitted to completely bar all access to the court."  *Campbell v. Jones*, No. 98-CIV-02088, 2017 WL 8751916, at *4 (S.D. Fla. Nov. 20, 2017), *report and recommendation adopted sub nom. Campbell v. United States*, No. 98-02088-CR, 2018 WL 1634121 (S.D. Fla. Jan. 9, 2018).  This is a sanction which has been previously imposed on vexatious litigants in this district.  *See e.g., SEC v. Imperato*, No. 12-cv-80021-RNS, 2020 WL 5264515, at *1 (S.D. Fla. June 30, 2020); Order, *Ruha v. City of Palm Beach Gardens et al.*, No. 19-cv-80681 (S.D. Fla. July 1, 2020), ECF No. 93; Order, *Aiken v. Crews, et al.*, No. 14-cv-62487

---

[4]  Although federal courts must give the parties notice and an opportunity to be heard when *sua sponte* addressing issues of subject matter jurisdiction, *see McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021) (citing *Day v. McDonough*, 547 U.S. 198, 210 (2006); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1266, 1261 (11th Cir. 2000)), Thomas has had an opportunity to, and did, file a document purporting to object to Magistrate Judge Louis's Report and Recommendation, *see generally* Objs.  The Court is satisfied that Thomas has been provided with a fair opportunity to present her position in opposition.

(S.D. Fla. Feb. 20, 2015), ECF No. 6.

As Magistrate Judge Louis notes in the Report and Recommendation, the instant case is the fifth time that Thomas has attempted to remove her state court case to this Court. *See* Order Remanding Case to State Court, *Thomas v. Trust*, No. 21-cv-24135-RKA (S.D. Fla. Feb. 14, 2022) ECF No. 15; Order Remanding Case, *Thomas v. Ray/Roy Diaz Christiana et al.*, Case No. 22- cv-20068-JEM (S.D. Fla. Jan. 27, 2022), ECF No. 10; Order of Dismissal of Pending Complaint and Remand, *Thomas v. Diaz et al.*, No. 21-cv-24116-BB (S.D. Fla. Nov. 24, 2021), ECF No. 6; Order Remanding Case, *Trust v. Thomas*, No. 21-cv-23873-JEM (S.D. Fla. Nov. 19, 2021), ECF No. 12. Given Wanda Thomas's pattern of improperly removing her state court case to this Court, the Court finds it necessary to place Wanda Thomas on the list of restricted filers for the Southern District of Florida.

## IV.    CONCLUSION

UPON CONSIDERATION of the Report and Recommendation, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

(1) Wanda Thomas's Objections (ECF No. 25) are OVERRULED.

(2) Magistrate Judge Louis's Report and Recommendation (ECF No. 24) is ADOPTED.

(3) Wanda Thomas's Amended Complaint (ECF No. 18) is DISMISSED WITHOUT PREJUDICE.

(4) This case is hereby REMANDED to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is INSTRUCTED to TRANSMIT a copy of this Order to that court.

(5) The Clerk of Court is INSTRUCTED to place Wanda Thomas on the list of restricted

filers.

(6) Wanda Thomas is hereby ENJOINED from filing any future documents in this case (Case No. 1:22-cv-20498-KMM), or removing any case to the United States District Court for the Southern District of Florida, without first requesting and obtaining leave of the Court.

(7) Any future motions for leave, described in Paragraph (6) above, filed by Wanda Thomas:

    A.  shall not exceed two (2) pages;

    B.  shall attach the proposed filing and explain why the proposed filing is not frivolous; and,

    C.  shall certify, by affidavit and under penalty of perjury, that the proposed filing raises a new issue that has not already been rejected by the Court.

(8) The Clerk of Court is INSTRUCTED to CLOSE this case.  All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 12th day of April, 2022.

K. M. Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  Wanda Thomas
    1635 NW 117th Street
    Miami, FL 33167
    Email: bringnow62@gmail.com
    PRO SE